*C. N. Pollard,* for appellant.

*R. Vaile* and *C. E. Hendry,* for appellees.

———————————•———————————

## WHITE *v.* GRIFFEY.

PRACTICE.—*Justice of the Peace.*—*Appeal.*—In an action before a justice of the peace, after trial, finding, and judgment, the defendant, within the time limited by statute, moved for a new trial, and the plaintiff, being present, consented thereto; whereupon the motion was granted. Four days later, the defendant, by consent of the plaintiff, was permitted to withdraw said motion, and the plaintiff appealed to the court of common pleas, where, on the defendant's motion, the appeal was dismissed, on the ground that there was no judgment from which an appeal could be taken (though the defendant had replevied and paid the judgment).

*Held,* that the granting of the motion to dismiss the appeal was error.

APPEAL from the Jefferson Common Pleas.

RAY, J.—This was an action by White, for deceit in the sale of personal property, commenced before a justice of the peace. Trial, finding and judgment for the plaintiff. Within the time limited by statute, the defendant moved for a

new trial; and the record states, that "the plaintiff, being present, consents to a new trial, whereupon the motion is granted." Four days later, the defendant withdrew his motion for a new trial, and the plaintiff in the action appealed to the court of common pleas, where, on defendant's motion, his appeal was dismissed, on the ground that there was no judgment rendered from which an appeal could be taken; the defendant having, in fact, subsequently replevied and paid the judgment.

We think the motion to dismiss the appeal should not have been granted. The withdrawal of the motion for a new trial before the justice carried with it the ruling in that motion, and left the judgment in force, as though no such motion had been made, and subject to an appeal by either party if dissatisfied with the amount of the finding and judgment.

It may be that, strictly, the defendant had no right to withdraw his motion for a new trial after it had been acted upon, but such permission was granted by the consent of the plaintiff; and the advantage taken of such withdrawal, the replevying and payment of the judgment, estops the defendant from denying its validity.

Judgment reversed, with costs, and cause remanded, with directions to overrule the motion to dismiss the appeal.

*E. R. & J. L. Wilson*, for appellant.

*H. W. Harrington* and *C. A. Korbly*, for appellee.